J-S73010-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| KRISTA DANIELLE HENRY | : | |
| Appellant | : | No. 617 MDA 2017 |

Appeal from the PCRA Order March 7, 2017
In the Court of Common Pleas of Centre County Criminal Division at No(s):
CP-14-CR-0001189-2012

BEFORE:   OLSON, J., DUBOW, J., and STRASSBURGER*, J.

MEMORANDUM BY OLSON, J.:                    **FILED DECEMBER 11, 2017**

Appellant, Krista Danielle Henry, appeals from the order entered on March 7, 2017, dismissing her first petition filed under the Post-Conviction Relief Act (PCRA), 42 Pa.C.S.A. § 9541-9546.  We affirm.

On February 4, 2013, Appellant pleaded guilty to three counts of delivery of a controlled substance.[1]  On June 25, 2013, the trial court sentenced Appellant to serve an aggregate term of three to six years in prison for her convictions.  Appellant did not file a direct appeal from her judgment of sentence.

On May 19, 2016, Appellant filed a *pro se* PCRA petition and claimed that she was entitled to relief because the trial court illegally sentenced her

_____

[1] 35 P.S. § 780-113(a)(30).

_____

\*   Retired Senior Judge assigned to the Superior Court.

to a mandatory minimum term of imprisonment under 18 Pa.C.S.A. § 7508. **See** Appellant's *Pro Se* PCRA Petition, 5/19/16, at 4. Within Appellant's *pro se* PCRA petition, Appellant acknowledged that her petition was facially untimely and that her illegality of sentencing claim arose in 2013 – when the United States Supreme Court issued **Alleyne v. United States**, ___ U.S. ___, 133 S.Ct. 2151 (2013) and held that, where an "aggravating fact" increases a mandatory minimum sentence, "the fact is an element of a distinct and aggravated crime. [The fact] must, therefore, be submitted to the jury and found beyond a reasonable doubt." **Alleyne**, 133 S.Ct. at 2162-2163. However, Appellant claimed that her petition was timely because she was unaware of **Alleyne** and she only learned of the opinion later, when she read "[a] newspaper article . . . [that] referenc[ed] a similar case where the defendant's sentence had been overturned based on [**Alleyne**]." Appellant's *Pro Se* PCRA Petition, 5/19/16, at 4.

The PCRA court appointed counsel to represent Appellant in the underlying proceedings and, on November 8, 2016, counsel filed a "motion to correct illegal sentence" on Appellant's behalf. Within the filing, counsel claimed only that the trial court must vacate Appellant's sentence, as the sentence is illegal. **See** "Motion to Correct Illegal Sentence," 11/8/16, at 1-2.

On January 10, 2017, the trial court heard oral argument on the "motion to correct illegal sentence" and, on January 26, 2017, the PCRA court issued an opinion and order, where it explained that it construed

Appellant's "motion to correct illegal sentence" to be an untimely amended petition under the PCRA. PCRA Court Opinion and Order, 1/26/17, at 2-3. The PCRA court thus provided Appellant with notice that it intended to dismiss her PCRA petition in 20 days, without holding a hearing. PCRA Court Order, 1/26/17, at 3; Pa.R.Crim.P. 907(1). The PCRA court finally dismissed Appellant's PCRA petition on March 7, 2017. PCRA Court Order, 3/7/17, at 1.

Appellant filed a timely notice of appeal from the PCRA court's order. Appellant raises two claims on appeal:

> [1.] Did the [PCRA] court err in construing Appellant's motion to modify sentence as a petition under the Post Conviction Relief Act?
>
> [2.] Did the [PCRA] court err by declining to vacate [Appellant's] clearly[] illegal sentence?

Appellant's Brief at 4.

On appeal, Appellant claims that the PCRA court erred in construing her self-styled "motion to correct illegal sentence" as an amended PCRA petition. According to Appellant, her illegal sentencing claim cannot be waived; therefore, Appellant claims, the PCRA cannot foreclose her right to obtain relief from serving her illegal sentence. Appellant's Brief at 9. Appellant's contention fails and the PCRA court properly dismissed Appellant's patently untimely PCRA petition.[2]

---

[2] Within Appellant's brief, Appellant declares:
*(Footnote Continued Next Page)*

- 3 -

We "review an order granting or denying PCRA relief to determine whether the PCRA court's decision is supported by evidence of record and whether its decision is free from legal error." **_Commonwealth v. Liebel_**, 825 A.2d 630, 632 (Pa. 2003).

The PCRA "provides for an action by which persons convicted of crimes they did not commit and persons serving illegal sentences may obtain collateral relief." 42 Pa.C.S.A. § 9542. As the statute declares, the PCRA "is the sole means of obtaining collateral relief and encompasses all other common law and statutory remedies . . . including _habeas corpus_ and _coram nobis_." **_Id._**; **_see also Commonwealth v. Ahlborn_**, 699 A.2d 718, 721 (Pa. 1997). Thus, under the plain terms of the PCRA, "if the underlying substantive claim is one that could potentially be remedied under the PCRA, that claim is **exclusive to** the PCRA." **_Commonwealth v. Pagan_**, 864 A.2d 1231, 1233 (Pa. Super. 2004) (emphasis in original).

_(Footnote Continued)_ ⸻⸻⸻⸻⸻

> Appellant is under no illusion[] about her prospects for success in this Court. Because the [Pennsylvania] Supreme Court has, apparently, never held that the [PCRA] provides the exclusive means for correcting an illegal sentence where no direct appeal was taken, Appellant seeks merely to preserve the issue of her baldly illegal sentence in this Court for her petition for allowance of appeal to the Pennsylvania Supreme Court.

Appellant's Brief at 10.

Within her "motion to correct illegal sentence" Appellant claims that she is entitled to relief because her sentence is illegal. However, the PCRA undoubtedly encompasses Appellant's claim, as the claim concerns "matters affecting [Appellant's] conviction [or] sentence." **Commonwealth v. Judge**, 916 A.2d 511, 520 (Pa. 2007), *quoting* **Coady v. Vaughn**, 770 A.2d 287, 293 (Pa. 2001) (Castille, J., concurring); **see also** 42 Pa.C.S.A. § 9542 ("[the PCRA] provides for an action by which persons convicted of crimes they did not commit and persons serving illegal sentences may obtain collateral relief").

Appellant's claim thus falls under the rubric of the PCRA and, since the PCRA encompasses Appellant's claim, Appellant "can only find relief under the PCRA's strictures." **Pagan**, 864 A.2d at 1233; **see also Commonwealth v. Jackson**, 30 A.3d 516, 521 (Pa. Super. 2011) ("[petitioner's legality of sentence] claim is cognizable under the PCRA . . . . [Thus, petitioner's] 'motion to correct illegal sentence' is a PCRA petition and cannot be considered under any other common law remedy").

The PCRA contains a jurisdictional time-bar, which is subject to limited statutory exceptions. This time-bar demands that "any PCRA petition, including a second or subsequent petition, [] be filed within one year of the date that the petitioner's judgment of sentence becomes final, unless [the] petitioner pleads [and] proves that one of the [three] exceptions to the timeliness requirement . . . is applicable." **Commonwealth v. McKeever**,

- 5 -

947 A.2d 782, 785 (Pa. Super. 2008); 42 Pa.C.S.A. § 9545(b). Further, since the time-bar implicates the subject matter jurisdiction of our courts, we are required to first determine the timeliness of a petition before we are able to consider any of the underlying claims. *Commonwealth v. Yarris*, 731 A.2d 581, 586 (Pa. 1999). Our Supreme Court has explained:

> the PCRA timeliness requirements are jurisdictional in nature and, accordingly, a PCRA court is precluded from considering untimely PCRA petitions. *See*, *e.g.*, *Commonwealth v. Murray*, 753 A.2d 201, 203 (Pa. 2000) (stating that "given the fact that the PCRA's timeliness requirements are mandatory and jurisdictional in nature, no court may properly disregard or alter them in order to reach the merits of the claims raised in a PCRA petition that is filed in an untimely manner"); *Commonwealth v. Fahy*, 737 A.2d 214, 220 (Pa. 1999) (holding that where a petitioner fails to satisfy the PCRA time requirements, this Court has no jurisdiction to entertain the petition). [The Pennsylvania Supreme Court has] also held that even where the PCRA court does not address the applicability of the PCRA timing mandate, th[e court would] consider the issue *sua sponte*, as it is a threshold question implicating our subject matter jurisdiction and ability to grant the requested relief.

*Commonwealth v. Whitney*, 817 A.2d 473, 475-476 (Pa. 2003).

The trial court sentenced Appellant on June 25, 2013 and Appellant did not file a direct appeal to this Court. Thus, for purposes of the PCRA, Appellant's judgment of sentence became final at the end of the day on July 25, 2013, when the time for filing a notice of appeal to this Court expired. 42 Pa.C.S.A. § 9545(b)(3). As Appellant did not file her current petition until May 19, 2016, the current petition is manifestly untimely and the burden thus fell upon Appellant to plead and prove that one of the

enumerated exceptions to the one-year time-bar applied to her case. *See* 42 Pa.C.S.A. § 9545(b)(1); ***Commonwealth v. Perrin***, 947 A.2d 1284, 1286 (Pa. Super. 2008) (to properly invoke a statutory exception to the one-year time-bar, the PCRA demands that the petitioner properly plead and prove all required elements of the relied-upon exception).

On appeal, Appellant does not claim that any of the statutory exceptions to the PCRA's one-year time-bar apply to her case. *See* Appellant's Brief at 1-11. Thus, since Appellant's PCRA petition is manifestly untimely and since Appellant did not argue that any of the statutory exceptions to the one-year time-bar apply, our "courts are without jurisdiction to offer [Appellant] any form of relief." ***Commonwealth v. Jackson***, 30 A.3d 516, 523 (Pa. Super. 2011). We, therefore, affirm the PCRA court's March 7, 2017 order, dismissing Appellant's PCRA petition without a hearing.[3]

Order affirmed. Jurisdiction relinquished.

_____

[3] Although Appellant claims that she is entitled to relief because her claim involves a challenge to the legality of her sentence, this contention is unavailing. We have repeatedly held that "a court may entertain a challenge to the legality of the sentence so long as the court has jurisdiction to hear the claim. In the PCRA context, jurisdiction is tied to the filing of a timely PCRA petition." ***Commonwealth v. Fowler***, 930 A.2d 586, 592 (Pa. Super. 2007) (internal quotations, citations, and corrections omitted) (some internal capitalization omitted); ***see also Commonwealth v. Fahy***, 737 A.2d 214, 223 (Pa. 1999) ("[a]lthough legality of sentence is always subject to review within the PCRA, claims must still first satisfy the PCRA's time limits or one of the exceptions thereto").

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>12/11/2017</u>